**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

ANA M. OTERO,
also known as Luana,

  Plaintiff,

v.                                              Case No. 3:26-CV-203-NJR

JOHN P. HACKETT and
RONALD S. MOTIL,

  Defendants.

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Ana M. Otero, proceeding *pro se*, filed this action on February 23, 2026, against Judges John P. Hackett and Ronald S. Motil of the Third Judicial Circuit Court in Madison County, Illinois. (Doc. 2). The case is now before the Court on Otero's Motion to Proceed in District Court Without Prepaying Fees or Costs (Doc. 4) and for preliminary review of Otero's Complaint.

Normally, the fee for filing a complaint and opening a civil case is $405.00. Under 28 U.S.C. § 1915(a)(1), however, an indigent party may commence a federal court action without prepaying the required costs and fees by submitting an affidavit asserting her inability to pay the fees, the nature of the action, and the affiant's belief that she is entitled to redress. 28 U.S.C. § 1915(a)(1). Destitution is not required to proceed without prepaying fees or costs; an affidavit demonstrating that the plaintiff cannot, because of her poverty, provide herself with the necessities of life is sufficient. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948).

The Court is not satisfied from Otero's affidavit that she is indigent. Otero reports that

Page 1 of 4

her take-home wages are $2,000 per month, she has $600 in a checking account and $7,000 in a CD, and she owns a 2006 Subaru and land in Michigan worth $12,500. (Doc. 4). While she has monthly expenses totaling approximately $820 for her mortgage, utilities, and car insurance, that amount does not exceed her monthly income. Because it appears from her affidavit that Otero has disposable income each month that is sufficient to pay the filing fee in this matter, her Motion to Proceed in District Court Without Prepaying Fees or Costs (Doc. 4) is denied.

The Court will also screen the Complaint to determine whether Otero has stated a claim. "District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense. *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003). "This is so even when the plaintiff has paid all fees for filing and service." *Id.*; *see also Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status.").

The undersigned is mindful that courts construe *pro se* claims generously. *Buechel v. United States*, 746 F.3d 753, 758 (7th Cir. 2014). The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645 (7th Cir. 2013). Conclusory statements and labels, however, are not enough. The Complaint must allege enough facts to "state a claim to relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 421 (7th Cir. 2013). That means "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). Instead, "the plaintiff must give enough details about the subject-

matter of the case to present a story that holds together." *Id.* at 404.

From Otero's Complaint and attached exhibits, the Court understands that on June 24, 2024, Otero filed a complaint in Madison County's small claims court against the Wood River Police Department alleging that the Department allowed her neighbors to harass her, intimidate her, and damage her property. (Doc. 2 at pp. 20-27). She also asserted that the Wood River Police fined her, yelled at her to stay inside her home, and arrested her for no reason. (*Id.*). As relief, Otero sought $10,000 from the Wood River Police Department. (*Id.*). Judge Motil dismissed Otero's complaint for failure to state a claim and dismissed the matter with prejudice.[1] *See Otero v. Wood River Police Department*, 2024SC001486 (Madison Cty. Cir. Ct. Aug. 21, 2024).

On August 14, 2024, Otero filed a Verified Petition for Stalking / No Contact Order in Madison County against her next door neighbors. (Doc. 2 at pp. 7-19). Otero sought a restraining order, alleging her neighbors trespassed on her property, sawed down her trees, and littered her vehicle with leaves. (*Id.*). Judge Hackett denied Otero's petition, finding that her allegations were insufficient to meet the requisite threshold for an emergency order. Further, even if her allegations were true, they were insufficient for a Stalking/No Contact Order to issue and no hearing was required. (*Id.* at p. 6).

With this action, Otero has sued both Judge Motil and Judge Hackett, alleging only that the judges neglected to decide the issues appropriately and dismissed her actions with prejudice. (*Id.* at p. 4). As a result, "things have escalated," and Wood River Police continue to fine her, use excessive force against her, and unjustly imprison her. (*Id.*).

---

[1] Otero did not include a copy of Judge Motil's order with her Complaint, but the Court takes judicial notice of the publicly filed order in Otero's Madison County case. *See In the Matter of Lisse*, 905 F.3d 495, 496 (7th Cir. 2018) (a state court order is a public record and the appropriate subject of judicial notice).

Otero's claims are barred by the doctrine of judicial immunity. "[J]udges are entitled to absolute immunity from damages for their judicial conduct." *Richman v. Sheahan*, 270 F.3d 430, 434 (7th Cir. 2001) (citing *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991)). "This rule protects the judicial process by ensuring that judges make decisions based on the merits, not based on fear of potential lawsuits." *Winters v. Kerkman*, No. 26-CV-0173-BHL, 2026 WL 446403, at *3 (E.D. Wis. Feb. 17, 2026) (citing *Coleman v. Dunlap*, 695 F.3d 650, 652 (7th Cir. 2012)). Judicial immunity has been recognized as a device to protect judicial independence by "insulating judges from vexatious actions prosecuted by disgruntled litigants." *Richman*, 270 F.3d at 435.

Here, although Otero takes issue with Judge Motil and Judge Hackett's rulings against her, both Defendants are immune from damages arising from actions they took in their judicial capacity. Thus, Otero has failed to state a claim, and her Complaint shall be dismissed.

For these reasons, the Motion to Proceed in District Court Without Prepaying Fees or Costs filed by Plaintiff Ana M. Otero (Doc. 4) is **DENIED**, and the Complaint is **DISMISSED without prejudice**.

Otero is **ORDERED** to pay the $405 filing fee on or before **April 27, 2026**. If Otero chooses to file an amended complaint, she shall also do so on or before **April 27, 2026**. Failure to pay the filing fee and file an amended complaint will result in the dismissal of this case with prejudice.

**IT IS SO ORDERED.**

**DATED:   March 27, 2026**

**NANCY J. ROSENSTENGEL**
**United States District Judge**